UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| BRANDON L. TAYLOR, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6:16-300-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| SANDRA BUTLER, Warden, | ) | **&** |
| | ) | **ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Brandon Taylor is an inmate at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without a lawyer, Taylor filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1.] For the reasons set forth below, the Court will deny Taylor's petition.

In 2008, a jury convicted Taylor of being a felon in possession of a firearm, a felon in possession of ammunition, an unlawful user of a controlled substance in possession of a firearm, and an unlawful user of a controlled substance in possession of ammunition—all in violation of 18 U.S.C. § 922(g).[1] The district court then sentenced Taylor to a total term of 240 months in prison. Taylor appealed his case, but the United States Court of Appeals for the Seventh Circuit affirmed his convictions and sentences. Taylor then moved to vacate his sentence pursuant to 28 U.S.C. § 2255, but the district court denied that motion and the Seventh Circuit denied Taylor a certificate of appealability.

Taylor has now filed a § 2241 petition with this Court. [R. 1.] While Taylor's submission is difficult to understand, he appears to be raising a so-called "multiplicity argument" by claiming that at least some of his four counts of conviction under § 922(g) were based on the same conduct.

---

[1] The procedural history comes from Taylor's petition, as well as *United States v. Brandon Taylor*, No. 3:07-cr-111-RLM-2 (N.D. Ind. 2007).

Taylor also argues that the district court ran afoul of the law by sentencing him to consecutive rather than concurrent terms of imprisonment.

Taylor's § 2241 petition is an impermissible collateral attack on his convictions and sentence. While a federal prisoner may challenge the legality of his convictions or sentence in a motion pursuant to 28 U.S.C. § 2255, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 546 F.3d 442, 447 (6th Cir. 2009). Simply put, Taylor cannot use a § 2241 petition as a way of challenging his convictions and sentence.

It is true that, under certain limited circumstances, "a federal prisoner may also challenge the validity of his conviction or sentence under § 2241." *Bess v. Walton*, 468 F. App'x 588, 589 (6th Cir. 2012). However, the Sixth Circuit has explained that this is only true when the prisoner is trying to rely on an intervening change in the law to establish his actual innocence, *see Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or challenge a sentence enhancement. *See Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016). And, in this case, it does not appear from Taylor's petition that he is relying on an intervening change in the law to attack his convictions or sentence or that he otherwise meets the requirements set forth in either the *Wooten* or *Hill* cases. Rather, it appears that Taylor is trying to re-litigate claims that he either made or could have made in his previously denied § 2255 motion. *See United States v. Brandon Taylor*, No. 3:07-cr-111-RLM-2, at R. 97 (N.D. Ind. January 19, 2011). That is simply not proper in a § 2241 petition.

Accordingly, it is hereby **ORDERED** as follows:

1. Taylor's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is

**DENIED**;

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

3. A corresponding judgment will be entered this date.

This the 12th day of October, 2017.

Gregory F. Van Tatenhove
United States District Judge